# EDWARDS ANGELL PALMER & DODGE LLP

750 Lexington Avenue   New York, NY  10022   212.308.4411   *fax* 212.308.4844   eapdlaw.com

Robert J. Brener
212.308.4411
*fax* 212.308.4844
rbrener@eapdlaw.com

June 24, 2011

**VIA ECF**

Honorable Marilyn Go, U.S.M.J.
United States District Court
Eastern District of New York
U.S. Courthouse
225 Cadman Plaza, East
Brooklyn, NY 11201

      Re:    **Ally Financial Inc. and Ally Bank v. Lee Dodge, Inc. & Robert A. Lee, Jr.**
              **Docket No. 10-cv-4702**

Dear Magistrate Judge Go:

Plaintiffs Ally Financial, Inc. and Ally Bank ("Ally") submit the following letter memorandum in further support of their motion for contempt and to compel immediate production of documents and a deposition, and in opposition to Defendants Lee Dodge, Inc. and Robert A. Lee's cross-motion to extend the time to respond to post-judgment discovery.

Defendants' actions from the inception of this matter have demonstrated an utter lack of regard for Ally and, more importantly, for this Court's orders. It bears repeating that during the course of this dispute, Defendants 1) failed to repay Ally after Defendants sold sixty-three (63) vehicles financed by Ally; 2) refused to produce to Ally all of their financial documents as required pursuant to the Order to Show Cause entered by the Court; 3) surreptitiously sold or attempted to sell vehicles to third parties without Ally's permission and in violation of the Order to Show Cause;  4) refused to execute the Forbearance Agreement and Consent Judgment despite agreeing to the very same terms and conditions on the record before this Court; and 5) refused to turn over all remaining vehicles to Ally in violation of the terms and conditions of the Forbearance Agreement.  In each and every instance listed above, Ally was forced to move the Court for relief and each and every time Ally did so Defendants offered one disingenuous reason after another for not complying with the agreement or court order, including the very same excuses offered here.

Now Ally is forced to seek relief once again from this Court because Defendants have refused to comply with post-judgment subpoenas, which are routine and expressly permitted by the Federal Rules of Civil Procedure and New York's CPLR.  And again, Ally is forced to respond to Defendants' utterly disingenuous statements that they "really want to comply" and are "trying

# EDWARDS ANGELL PALMER & DODGE LLP

Hon. Marilyn Go, U.S.M.J.
June 24, 2011
Page 2 of 3

hard to do so." But the following facts belie their empty rhetoric and fully demonstrate that Defendants have willfully and knowingly failed to comply with their post-judgment discovery obligations:

- Defendants have had the subpoenas since April (they signed the return certified mail cards) and their counsel have had them since mid-May and yet not a single document has been produced to Ally, not even a bank statement. Moreover, it is clear that Defendants would not have responded at all, even to say they would not comply, had Ally's counsel not repeatedly contacted Defendants' counsel and filed this application. Apparently, Defendants believe or hope that if they if they fail to respond at all, their obligations will disappear.

- Defendants argued that they needed more time to respond to Ally's application because Mr. Lee's doctor was on vacation and yet their opposition states that the doctor is still on vacation. This excuse is identical to the one Defendants peddled earlier in the proceedings when they claimed that they could not produce financial records in accordance with the Order to Show Cause because their accountant was unavailable for weeks.

- Throughout this process and for months counsel for Defendants have repeatedly stated that Mr. Lee is "too sick" to comply with various orders and yet Mr. Lee has been healthy enough to appear in Court several times, travel to and from his homes in Florida and New York, drive his vehicles, run his businesses, travel to an auction to purchase vehicles for his business, and engage in other "stressful" activities which Ally, in deference to Mr. Lee's privacy, will not include here but will in court, if necessary.

- Defendants have produced only a one-line note from Mr. Lee's primary physician (not his cardiologist) that says that deposition is not advised. Apparently it is permissible for Mr. Lee to work, travel, etc. but not permissible for Mr. Lee to sit in a conference room and answer questions about his finances. Perhaps Mr. Lee's physician is not aware of Mr. Lee's current activities.

- Mr. Lee's supposed financial statement is merely an unsigned list of his purported assets and liabilities. It contains wildly inflated numbers, without any support, that diverge dramatically from a financial statement produced just two years earlier. It also appears that Mr. Lee may have fraudulently sold off interests to avoid collection by Ally. Far from providing Ally with the necessary information regarding Defendants' assets, the "financial statement" only raises more questions. In any event, Ally is entitled to much more information under the federal and state rules and if Defendants were truly interested in satisfying the judgment they would have provided that information without complaint, excuse, or delay.

# EDWARDS ANGELL PALMER & DODGE LLP

Hon. Marilyn Go, U.S.M.J.
June 24, 2011
Page 3 of 3

- Defendants' accountant claims the subpoena demands are daunting but he has had over a month (at least) to gather and produce them and yet not a single document has been produced.

Further illustrating that Defendants are willfully and knowingly attempting to avoid their discovery obligations and avoid payment of the judgment, they have the gall to argue in their opposition that **Ally** is responsible for Defendants' failure to satisfy the judgment. Apparently, according to Defendants, Ally should not pursue collection of the $2 million Consent Judgment, a judgment that Defendants agreed to and which exists only because Defendants unlawfully sold Ally-financed vehicles without making payment to Ally. Instead, Ally should leave Defendants alone because only then will Defendants be able to pay back Ally. Putting aside the Alice in Wonderland-type argument, in light of Defendants' action to date, it is fair for Ally to conclude that Defendants have no intention of paying Ally and will only do so if forced.

In any event, Ally did not scare away a potential buyer of the Dealership property; there never was a real buyer. Michael Cruz, the supposed buyer, turns out to be an employee of Mr. Lee's Champion Motorsports. Further, Ally is not preventing settlements in Lee's other litigations by issuing restraining notices to Defendants' adverse parties. These notices only state that Defendants' adverse parties, if they owe money to Defendants by judgment or settlement, are required to pay that money to Ally, not to Defendants. The merits, or lack of merits, of the litigations are not at all affected by such a notice. To argue otherwise is to suggest that restraining notices prevent payment rather than facilitate payment, which is utter nonsense.

In sum, the evidence is overwhelming that Defendants have willfully and knowingly failed to comply with their post-judgment discovery obligations. Defendants' behavior in this regard is entirely consistent with their behavior from the outset and demonstrates their contempt for Ally, this Court and the Federal Rules of Civil Procedure and New York's CPLR. They have no intention to comply with the subpoenas, just as they had no intention of complying with previous orders. The only time they act is when they are forced to do so by the Court. Accordingly, Ally seeks an order holding Defendants in contempt and requiring them to comply immediately with the outstanding subpoenas, including appearing for deposition.

Thank you for your consideration.

Respectfully,

s/Robert J. Brener

cc:   Martin Margolis, Esq. (via ECF)