**THE MARGOLIS LAW FIRM LLC**
Attorneys at Law
110 Wall Street (12th Floor)
New York, New York 10005
(973) 239-3000
sdobbs@mgm-lawfirm.com
Attorneys for Defendants

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLY FINANCIAL INC. and ALLY BANK,<br><br>              Plaintiffs,<br><br>    v.<br><br>LEE DODGE, INC. and ROBERT A. LEE, JR.,<br><br>              Defendants. | DOCKET NO.: 10-CV-4702 (NG)<br><br>Civil Action<br><br>**ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER** |

      Upon the motion by ORDER TO SHOW CAUSE, the Declaration of Martin G. Margolis, Esq, dated August 5, 2011, Declaration of Robert a. Lee, Jr., dated August 5, 2011 and Memorandum of Law in support thereof, it is alleged that (i) Plaintiffs, Ally Financial Inc., formerly known as GMAC Inc., the successor-in-interest to GMAC LLC and General Motors Acceptance Corporation (together, Ally Financial Inc. and its predecessors are referred to hereinafter as "Ally Financial," and collectively, together with Ally Bank, "Ally") and Ally Bank, as judgment creditors to Defendants Lee Dodge, Inc. and Robert A. Lee, Jr. (hereinafter referred to as "Defendants") have wrongfully and unlawfully levied upon bank accounts of entities, which are not subject to the Consent Judgment between the Plaintiffs and Defendants entered in the instant matter, whereby the respective banking institutions have placed all deposits and account balances

currently held by the respective depositories for said entities into a holding account, effectively eviscerating the entities' ability to maintain business operations; it is hereby:

ORDERED that Plaintiffs show cause before this Court on August_____ 2011 at _____ o'clock, or as soon thereafter as counsel may be heard, why an order should not be entered:

(1) Requiring Plaintiffs to forthwith instruct all banking institutions for which it dispatched a 'Restraining Notice on Garnishee' and/or 'Information Subpoena and Questions and Answers in Connection with Information Subpoena' for bank accounts, other than those solely in the name of Lee Dodge, Inc., or Robert A. Lee, Jr., to immediately release any levy, hold thereon or its equivalent, and

(2) Requiring Plaintiffs to forthwith instruct all banking institutions for which it dispatched a 'Restraining Notice on Garnishee' and/or 'Information Subpoena and Questions and Answers in Connection with Information Subpoena' for bank accounts, other than those solely in the name of Lee Dodge, Inc., or Robert A. Lee, Jr., to immediately release any and all monies held, frozen or made otherwise unavailable to said entities, and to forthwith place the balances back into the respective accounts for immediate availability to the respective depositors, and

(3) Directing Plaintiffs, and its officers, directors, employees, agents and representatives and all persons acting in concert or otherwise cooperating with or assisting and facilitating Plaintiff in any way, including but not limited to TD Bank not to interfere with the business operations of any entity or persons

other than Judgment Debtor, Lee Dodge, Inc. or Mr. Robert A. Lee, Jr., and it is hereby,

ORDERED that, sufficient reason having been demonstrated, pending the hearing on the motion, Plaintiffs shall forthwith instruct all banking institutions for which it dispatched a 'Restraining Notice on Garnishee' and/or 'Information Subpoena and Questions and Answers in Connection with Information Subpoena' for bank accounts, other than those solely in the name of Lee Dodge, Inc., or Robert A. Lee, Jr., to immediately release any levy, hold thereon or its equivalent, and it is

ORDERED that Plaintiffs shall forthwith instruct all banking institutions for which it dispatched a 'Restraining Notice on Garnishee' and/or 'Information Subpoena and Questions and Answers in Connection with Information Subpoena' for bank accounts, other than those solely in the name of Lee Dodge, Inc., or Robert A. Lee, Jr., to immediately release any and all monies held, frozen or made otherwise unavailable to said entities, and to forthwith place the balances back into the respective accounts for immediate availability to the respective depositors, and it is

ORDERED that Plaintiffs, and its officers, directors, employees, agents and representatives and all persons acting in concert or otherwise cooperating with or assisting and facilitating Plaintiff in any way, including but not limited to TD Bank are hereby enjoined and restrained from interfering with the business operations of any entity or persons other than Judgment Debtor, Lee Dodge, Inc. or Mr. Robert A. Lee, Jr..; and it is

ORDERED that any and all claims for fees, costs and damages sustained and to be sustained by the affected entities are hereby preserved without prejudice; and it is

ORDERED that service of a copy of this order to show cause together with the papers filed in support thereof, on Plaintiffs by Electronic Court Filing no later than _____ 2011 be deemed good and sufficient service; and it is further

ORDERED that opposition papers shall be filed and served by Electronic Court Filing no later than _____, 2011; and reply papers in further support of this application shall be filed and served by Electronic Court Filing no later than_____2011.

_____
The Honorable Nina Gershon, U.S.D.J

Dated: August _____, 2011